UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 98-7644

STEPHEN A. SHARP,

Petitioner - Appellant,

versus

CHARLES E. THOMPSON,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Chief District Judge. (CA-97-954-AM)

Submitted: May 13, 1999                    Decided: May 18, 1999

Before WIDENER and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Stephen A. Sharp, Appellant Pro Se. Daniel John Munroe, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stephen Sharp filed an untimely notice of appeal. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on September 14, 1998;[*] Sharp's notice of appeal was filed on October 27, 1998, which is beyond the thirty-day appeal period. Sharp's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of Sharp's appeal. We therefore deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts

---

[*] Although the district court's order is marked as "filed" on September 10, 1998, the district court's records show that it was entered on the docket sheet on September 14, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED